UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

MILLENNIAL CAPITAL MANAGEMENT, LLC
f/k/a Exemplar Capital Management, LLC,

Plaintiff,

v. CASE NO. 3:16-cv-693-J-34MCR

M/Y CLOUD TEN, a 2002 123' Nichols Brothers SWATH Vessel, Official No. 1130416, her engines, apparel, tackle, boats, appurtenances, etc., *in rem*, ATLANTIC CLOUD CRUISE LINES, LLC, *in personam*,

Defendants.
_______________________________/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Default Judgment and for Sale of M/Y Cloud Ten (Doc. 19) and Motion for Telephonic Hearing Regarding the same (Doc. 21). The Motion for Default Judgment and for Sale was served on Defendant Atlantic Cloud Cruise Lines, LLC ("ACCL") on

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

August 3, 2016. (Doc. 19 at 7.) To date, Defendants have not filed a response and the time for filing a response to the Motion for Default Judgment and for Sale has passed; therefore, this Motion will be treated as unopposed and, for the reasons stated herein, it is recommended that this Motion be **GRANTED** to the extent stated herein. Although the time for filing a response to the Motion for Telephonic Hearing has not yet passed, the undersigned does not find a hearing necessary and, therefore, recommends that this Motion be **DENIED**.

## I. Background

On June 6, 2016, Plaintiff filed a Verified Complaint in Admiralty to Foreclose Preferred Ship Mortgage[2] against the Vessel M/Y Cloud Ten, *in rem*, and its owner ACCL, *in personam*. (Doc. 1.) The Complaint alleges that on April 14, 2015, ACCL became indebted to Plaintiff in the principal sum of $936,000 pursuant to a Promissory Note ("Note"). (*Id.* at ¶ 7.) The Note included interest in the amount of $150,000 and was due to be paid in one balloon payment on or before August 14, 2015. (*Id.* at ¶ 8.) On April 14, 2015, ACCL also executed and delivered to Plaintiff a First Preferred Ship Mortgage encumbering the Vessel, which was recorded with the United States Coast Guard Vessel Documentation

---

[2] A preferred mortgage is defined in 46 U.S.C. § 31322(a), as, *inter alia*, "a mortgage, whenever made, that . . . includes the whole of the vessel," as in the present case (*see* Doc. 1-2 at 2 ("This is a first priority Preferred Mortgage on the whole (100%) of the Vessel . . . .")). "A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel." 46 U.S.C. § 31325(a).

Center on May 4, 2015. (*Id.* at ¶¶ 9-10.)

In January 2016, the parties amended the Note, increasing the principal sum owing to $2,000,000 in consideration of an extension of time in which to repay the Note and Mortgage to February 15, 2016.[3] (*Id.* at ¶ 11.) A corresponding amendment to the First Preferred Ship Mortgage was executed on February 11, 2016, which was recorded with the United States Coast Guard Vessel Documentation Center on May 24, 2016. (*Id.* at ¶¶ 12-13.)

Plaintiff alleges that Defendants are in default for failing to pay the installment payment due on or before February 15, 2016. (*Id.* at ¶¶ 16, 24, 28.) Plaintiff also alleges that as a result of the default, Plaintiff may demand full payment of the indebtedness, obtain a judgment, and foreclose on the Vessel, in accordance with the terms of the amended Note and Mortgage. (*Id.* at ¶¶ 17, 26.) Plaintiff further alleges that as of June 3, 2016, Defendants owed the principal amount of $2,000,000, exclusive of interest, costs, and attorney's fees. (*Id.* at ¶¶ 18, 25, 29.)

On June 8, 2016, the Clerk issued a warrant of arrest for the Vessel, which was executed by the U.S. Marshal on June 13, 2016, and the Vessel was placed in the possession of a substitute custodian. (Docs. 5, 6, 7, 9, 10.) On June 15, 2016, Plaintiff filed a Notice of Action *In Rem* and Arrest of Vessel, advising any

---

[3] The amendment also reflects the lender's name change from Exemplar Capital Management, LLC to Millennial Capital Management, LLC. (Doc. 1, ¶ 11.)

person having a claim against the Vessel and/or property that has been arrested to file a claim with the Court no later than 14 days after process has been effected and to file an answer within 21 days from the date of filing their claim. (Doc. 12.) On June 24, 2016, Plaintiff filed a Notice of Filing Proof of Publication, indicating that a Notice of Action *In Rem* and Arrest of Vessel was published in the Jacksonville Edition of the Financial News and Daily Record on June 20, 2016, in compliance with Local Admiralty Rule 7.03(d). (Doc. 13.)

On June 28, 2016, Plaintiff filed an Affidavit of Service, indicating that on June 20, 2016, ACCL was served with process pursuant to Fla. Stat. § 48.031(2)(a), by serving Dina Peterson, as member of the household and wife of the owner Kurt Peterson, at 228 Stellar, Ponte Vedra Beach, FL 32082.[4] (Doc. 14; *see also* Doc. 15.) On June 30, 2016, Plaintiff sent a copy of the Notice of Action *In Rem* and Arrest of Vessel to the owner of the Vessel, ACCL, via certified mail. (Doc. 17, ¶ 5; *id.* at 4.) Also on June 30, 2016, Plaintiff sent a copy of the Notice of Action *In Rem* and Arrest of Vessel to the Vessel's former landlord, Amkin Hill Street, LLC, in care of Sonny Redmond, who had indicated

---

[4] Because ACCL is a limited liability company, section 48.062(4) of the Florida Statutes allows service in accordance with section 48.031, if the address provided for the registered agent, member, or manager is a residence or private mailbox, which appears to be the case here. Plaintiff apparently effected substitute service, pursuant to Fla. Stat. § 48.031(2)(a), on the spouse of ACCL's Managing Member/CEO Kurt Peterson, Dina Peterson, who resides with him at 228 Stellar, Ponte Vedra Beach, FL 32082. (*See* Doc. 1-2 at 18-19.) This address was listed on the Promissory Note as ACCL's business address and on the Mortgage as ACCL's principal office. (Doc. 1-1 at 2.)

they might have a claim of lien for past rents. (*Id.* at 4, ¶ 6.) The substitute custodian National Maritime Services also received a copy of the Notice of Action and Proof of Publication via email on June 30, 2016. (*Id.* at ¶ 7.)

On July 13, 2016, Plaintiff moved for entry of a Clerk's default against ACCL for failure to appear, answer, or otherwise plead to the Complaint. (Doc. 15.) Plaintiff's motion for default was served on ACCL on July 13, 2016. (*Id.* at 3.) On July 14, 2016, the Clerk entered a default against ACCL, a copy of which was furnished to ACCL. (Doc. 16.)

On July 19, 2016, Plaintiff moved for entry of a Clerk's default against the Vessel M/Y Cloud Ten. (Doc. 17.) The motion provided that a response on behalf of the Vessel was due on July 18, 2016, but there had been no claim of owner or other response on behalf of the Vessel. (*Id.* at ¶¶ 8-9.) The motion also provided that Amkin Hill Street, LLC had not filed a claim or lien or otherwise appeared in this action. (*Id.* at 4.) On July 26, 2016, the Clerk entered a default against the Vessel M/Y Cloud Ten. (Doc. 18.)

On August 3, 2016, Plaintiff filed the present Motion for Default Judgment and for Sale, attaching the Declaration of Scott Ferguson, President of Property Concepts, which is the Managing Member of Millennial Capital Management, LLC. (Docs. 19, 19-1; *see also* Doc. 1-3 at 4.) Plaintiff seeks entry of a default judgment against Defendants, jointly and severally, and states that as of August 2, 2016, Defendants owe the principal amount of $2,000,000, plus interest at 25%

per annum from the date of default February 17, 2016[5] (a per diem amount of $1,369.86 for 168 days, which equals 230,136.48), plus pre-judgment interest ($1,369.86 per day through the date of judgment), plus costs, post-judgment interest, and attorney's fees to be taxed at a later date. (*Id.*) Plaintiff also seeks an order that the Vessel be sold via U.S. Marshal sale and that Plaintiff be permitted to credit bid its judgment, or any portion thereof, in lieu of paying cash. (*Id.*)

**II. Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed.R.Civ.P. 55(a). Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed.R.Civ.P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of

[5] February 15, 2016 was a holiday. Although Plaintiff does not explain this, it appears that payment became due on February 16, 2016, and when no payment was made on that date, February 17, 2016 was the date of default.

default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Costr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed.R.Civ.P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face.”).

## III. Analysis

### A. Jurisdiction and Liability

Upon review of the Complaint, the undersigned finds that a sufficient factual basis exists for a default judgment to be entered. As an initial matter, the Complaint adequately alleges that the Court has original jurisdiction over this action for foreclosure of a ship mortgage pursuant to 46 U.S.C. § 31325(c) and Rule 9(h) of the Federal Rules of Civil Procedure.[6] (*See* Doc. 1 at 2; *see also* Doc. 11.)

Further, Plaintiff has complied with the requirements of Local Admiralty Rule 7.03(h)-(I) and the Complaint adequately states a claim for relief against the Vessel and its owner. Under 46 U.S.C. § 31325(b), “[o]n default of any term of the preferred mortgage,” a mortgagee may bring a civil action *in rem* to enforce the preferred mortgage lien and a civil action *in personam* against the mortgagor to enforce a claim for the outstanding indebtedness secured by the mortgaged vessel. Here, the well-pleaded allegations of the Complaint, which are deemed admitted, identify in sufficient detail the Promissory Note in both its original and amended versions, Defendants’ default of the same, Plaintiff’s security interest in the Vessel pursuant to the First Preferred Ship Mortgage (also in original and

---

[6] *See also* 46 U.S.C. § 31304(b) (“The district courts have original jurisdiction of the action, regardless of the amount in controversy or the citizenship of the parties.”).

amended form), Defendants' breach of their obligations thereunder, and Plaintiff's right to recover against Defendants pursuant to the terms of the Note and the Mortgage, as amended.[7]

More specifically, the Complaint alleges that on April 14, 2015, ACCL became indebted to Plaintiff in the principal sum of $936,000 pursuant to a Promissory Note. (Doc. 1, ¶ 7; Doc. 1-1 at 2.) The Note included interest in the amount of $150,000 and was due to be paid in one balloon payment on or before August 14, 2015. (Doc. 1, ¶ 8; Doc. 1-1 at 2.) On April 14, 2015, in order to secure payment of the indebtedness and interest thereon, ACCL also executed and delivered to Plaintiff a First Preferred Ship Mortgage encumbering the Vessel, which was recorded with the United States Coast Guard Vessel Documentation Center on May 4, 2015. (Doc. 1, ¶¶ 9-10; *see also* Doc. 1-2; Doc. 1-4 at 2.)

In January 2016, the parties amended the Note, increasing the principal sum owing to $2,000,000 in consideration of an extension of time in which to repay the Note and Mortgage to February 15, 2016.[8] (Doc. 1, ¶ 11; Doc. 1-3 at

---

[7] The loan documents are attached to the Complaint and further corroborate Plaintiff's allegations.

[8] The amendment also reflects the lender's name change from Exemplar Capital Management, LLC to Millennial Capital Management, LLC. (Doc. 1, ¶ 11; Doc. 1-3 at 2.) In addition, there was no interest accruing under the amendment, "except in the event of default, where in addition to payment in full of the amounts owing, interest shall accrue thereafter at the rate of 25% per annum until the debt is satisfied in full." (Doc. 1-3 at 2; *see also* Doc. 1-1 at 2.)

2.) A corresponding amendment to the First Preferred Ship Mortgage was executed on February 11, 2016, which was recorded with the United States Coast Guard Vessel Documentation Center on May 24, 2016. (Doc. 1, ¶¶ 12-13; Doc. 1-4 at 2.)

Paragraphs 25 and 26 of the Mortgage provide in relevant part:

> 25. **Default.** Each of the following events shall be an "Event of Default" under this Mortgage:
>
> (a) Default in the making of any payment constituting part of the Outstanding Indebtedness;
>
> . . . .
>
> 26. **Remedies upon Default.** If any one or more of the Events of Default shall occur, then in each and every such case Mortgagee shall have the right, without demand or notice, to take any one or more of the following actions:
>
> . . .
>
> (g) Judicially foreclose the mortgage lien or any other security interest Mortgagee may have in the Vessel under any applicable law, including, but not limited to, the maritime laws of or which are applicable in the United States of America;
>
> . . .
>
> (k) Exercise all the rights and remedies in foreclosure and otherwise given to Mortgagees by the provisions of Chapter 313 of Title 46 of the United States Code, as amended from time to time; and
>
> . . .
>
> (m) On the occurrence of an Event of Default, Owner agrees to pay, as they are incurred, all reasonable attorneys' fees, marshal's or custodial fees, expenses of auction or sale, costs of appeal, costs and other expenses and the fees and expenses of other professionals incurred in connection with the following: (i) the enforcement of the Note, this Mortgage and all other Loan Documents and Security Documents . . . .

(Doc. 1-2 at 12-15; *see also* Doc. 1-1 at 3, 5 (listing events of default under the Note to include "failure to pay, when and as due, any principal, interest or other

amounts payable hereunder or under any Related Document" and listing default remedies).)

In light of the above-cited provisions, Plaintiff adequately alleges that Defendants are in default for failing to pay the installment payment due on or before February 15, 2016. (Doc. 1, ¶¶ 16, 24, 28.) Mr. Ferguson's Declaration, attached to Plaintiff's Motion for Default Judgment, indicates that as of the date of the Motion, Defendants have failed to make any payments whatsoever. (Doc. 19 at 4; Doc. 19-1, ¶ 11.) As a result of the default, Plaintiff is entitled to demand full payment of the indebtedness in accordance with the terms of the amended Note and Mortgage, including foreclosing on the Vessel. (Doc. 1, ¶¶ 17, 26.)

Based on Plaintiff's well-pleaded factual allegations, which are deemed admitted, as well as the exhibits to the Complaint and the Motion, Plaintiff has stated a claim against Defendants. Therefore, entry of default judgment is appropriate under Rule 55. The Court now turns to the question of damages.

**B. Damages**

Notwithstanding the propriety of a default judgment, it is Plaintiff's burden to prove its damages. *Fun Charters, Inc. v. Vessel Shady Lady, Official No. 681969*, Civil Action No. 14-0263-WS-M, 2015 WL 789751, *3 (S.D. Ala. Feb. 25, 2015). "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of

damages." *Id.* (internal citations and quotation marks omitted). "Even in the default judgment context, '[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters.'" *Id.* (quoting *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003)).

Further, "a judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, courts have wide discretion in determining whether a hearing on damages is necessary. *Diversified Fin. Sys., Inc. v. Tomich Corp.*, 1997 WL 177873, *3 (E.D.N.Y. Mar. 18, 1997). No hearing is necessary "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Smyth*, 420 F.3d at 1232 n.13.

The undersigned finds that an evidentiary hearing is not necessary in this case because the record is sufficient to calculate the amount of damages. The Motion for Default Judgment, Mr. Ferguson's Declaration, the Complaint, and the attachments thereto establish that Defendants owe Plaintiff the principal amount of $2,000,000, plus interest at 25% per annum until the debt is satisfied in full.[9] In

---

[9] Pursuant to 46 U.S.C. § 31322(b), the parties were free to agree to "any rate of interest."

addition, as the prevailing party in this lawsuit, Plaintiff is entitled to its reasonable attorneys' fees and costs. (Doc. 1-1 at 2.)

Plaintiff calculates the total amount due as follows: $2,000,000 in principal; a per diem amount of interest of $1,369.86 for 168 days from February 17, 2016 (the date of default) through August 2, 2016 (the day before the Motion for Default Judgment was filed), which equals 230,136.48; plus pre-judgment interest (a per diem amount of $1,369.86) through the date of judgment; plus costs, post-judgment interest, and attorney's fees to be taxed at a later date. (Doc. 19, ¶ 18; Doc. 19-1, ¶ 12.)

The undersigned agrees that Plaintiff is entitled to $2,000,000 in principal and a per diem interest in the amount of $1,369.80 from February 17, 2016 (the date of default) through the entry of final judgment.[10] Plaintiff is also entitled to reasonable attorneys' fees and costs, but it has not submitted any documentation in support of such an award. Therefore, Plaintiff should be allowed to file an appropriate motion with supporting documentation if Plaintiff decides to pursue an award of attorney's fees and costs. In the same motion, Plaintiff should also include the basis for seeking post-judgment interest and the applicable rate.

Finally, Plaintiff requests that the Vessel be sold via U.S. Marshal sale in accordance with the Local Admiralty Rules of the Court and that Plaintiff be

---

[10] The periodic interest rate is 0.06849% (based on 25% annual interest for 365 days per year). Although Plaintiff does not explain how it calculated the daily interest, it appears Plaintiff did it as follows: (0.06849 ÷ 100) x 2,000,000 = $1,369.80.

permitted to credit bid its judgment, or any portion thereof, in lieu of paying cash. The undersigned finds this is appropriate. *See Schleef v. Sailing Vessel "Clueless*," Case No. 3:11-cv-650-J-32JBT, 2012 WL 2589237, *7 (M.D. Fla. Apr. 26, 2012) (report and recommendation adopted by 2012 WL 2586221 (M.D. Fla. July 3, 2012)) (citing, *inter alia*, *Bank of Am. v. Hoy*, 2010 WL 5463103, *3 (M.D. Fla. Dec. 29, 2010)). Therefore, in lieu of cash, Plaintiff should be permitted to credit bid the recommended judgment at the public sale of the Vessel.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion for Default Judgment and for Sale (**Doc. 19**) be **GRANTED to the extent stated herein**.

2. The Motion for Hearing (**Doc. 21**) be **DENIED**.

3. The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant M/Y Cloud Ten, a 2002 123' Nichols Brothers SWATH Vessel, Official No. 1130416, her engines, apparel, tackle, boats, appurtenances, etc., *in rem*, and Defendant Atlantic Cloud Cruise Lines, LLC, *in personam*, in the principal amount of $2,000,000.00, plus pre-judgment interest in the daily amount of $1,369.80 from February 17, 2016 through the date of final judgment.

4. The U.S. Marshal be directed to conduct a sale of the Vessel, M/Y Cloud Ten, a 2002 123' Nichols Brothers SWATH Vessel, Official No. 1130416, her engines, apparel, tackle, boats, appurtenances, etc., in accordance with Rule

E(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Local Admiralty Rule 7.05(q)-(r). Plaintiff be allowed to credit bid its judgment at the public sale of the Vessel and Plaintiff not be required to pay any cash or other payment unless and until its successful bid exceeds the total of its judgment against the Vessel. After the sale of the Vessel, Plaintiff be directed to appropriately move for confirmation of the sale pursuant to Local Admiralty Rule 7.05(r)(6). Any proceeds of the sale conducted by the U.S. Marshal be paid into the registry of the Court so that the Court may dispose of the proceeds according to the law. Upon confirmation of the sale, Plaintiff be allowed to apply to the Court for an amendment of its judgment to include attorney's fees, costs, and/or post-judgment interest.

**DONE AND ENTERED** at Jacksonville, Florida, on September 29, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Atlantic Cloud Cruise Lines, LLC
228 Stellar
Ponte Vedra Beach, FL 32082