**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MILLENNIAL CAPITAL MANAGEMENT, LLC,
f/k/a Exemplar Capital Management LLC,

                Plaintiff,

v.                                         Case No. 3:16-cv-693-J-34MCR

M/Y CLOUD TEN, a 2002 123' Nichols
Brothers SWATH Vessel, Official No.
1130416, her engines, apparel, tackle,
boats, appurtenances, etc. *in rem*, and
ATLANTIC CLOUD CRUISE LINES, LLC,
*in personam*,

                Defendants.
_____

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 23; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on September 29, 2016. In the Report, Judge Richardson recommends that Plaintiff's Motion for Final Default Judgment and for Sale of M/Y Cloud Ten (Dkt. No. 19) be granted to the extent stated in the Report, and that the Motion for Telephonic Hearing (Dkt. No. 21) be denied. See Report at 2, 14. Defendants have failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see

also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt, as modified,[1] the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 23) is **ADOPTED**, as modified herein, as the opinion of the Court.

2. Plaintiff's Motion for Final Default Judgment and for Sale of M/Y Cloud Ten (Dkt. No. 19) is **GRANTED to the extent stated herein**.

3. The Motion for Telephonic Hearing (Dkt. No. 21) is **DENIED**.

4. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant M/Y Cloud Ten, a 2002 123' Nichols Brothers SWATH Vessel, Official No. 1130416, her engines, apparel, tackle, boats, appurtenances, etc., *in rem*, and Defendant Atlantic Cloud Cruise Lines, LLC, *in personam*, in the principal amount of $2,000,000.00, plus pre-judgment interest in the daily amount of $1,369.86 from February 17, 2016 through the date of final judgment.

---

[1] The Court notes that in the decretal portion of the Report, the Magistrate Judge recommended that the Court award prejudgment interest at a rate of $1369.80 rather than $1369.86. See Report at 14. This recommendation is based on the recalculation of the daily prejudgment interest found in Footnote 10 of the Report. Because the Court determines that Plaintiff's calculation of the daily accruing interest is correct (25 ÷ 365 = .0684931) (.0684931 x 2,000,000 ÷ 100 = $1369.86), the Court declines to adopt Footnote 10 and this portion of the recommendation.

5. The U.S. Marshal is **DIRECTED** to conduct a sale of the Vessel, M/Y Cloud Ten, a 2002 123' Nichols Brothers SWATH Vessel, Official No. 1130416, her engines, apparel, tackle, boats, appurtenances, etc., in accordance with Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Local Admiralty Rule 7.05(q)-(r). Plaintiff is allowed to credit bid its judgment at the public sale of the Vessel and is not required to pay any cash or other payment unless and until its successful bid exceeds the total of its judgment against the Vessel. After the sale of the Vessel, Plaintiff is directed to appropriately move for confirmation of the sale pursuant to Local Admiralty Rule 7.05(r)(6). Any proceeds of the sale conducted by the U.S. Marshal shall be paid into the registry of the Court so that the Court may dispose of the proceeds according to the law.

6. Within **fourteen (14) days** of confirmation of the sale, Plaintiff shall file any motions for an amendment of the judgment to include attorney's fees, costs, and/or post-judgment interest.

7. The Clerk of the Court is directed to close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2016.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record

Pro Se Party