**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**IN ADMIRALTY**

MILLENNIAL CAPITAL MANAGEMENT, LLC,
f/k/a Exemplar Capital Management LLC,

            Plaintiff,

v.                                    Case No. 3:16-cv-693-J-34MCR

M/Y CLOUD TEN, a 2002 123' Nichols
Brothers SWATH Vessel, Official No.
1130416, her engines, apparel, tackle,
boats, appurtenances, etc. *in rem*, and
ATLANTIC CLOUD CRUISE LINES, LLC,
*in personam*,

            Defendants.
_____

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 32; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on August 1, 2017. In the Report, Judge Richardson recommends that Plaintiff's Motion for Attorney's Fees (Dkt. No. 28; Motion) be granted, in part, and denied, in part. See Report at 2, 15-16. No objections to the Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993);

see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[1] Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 32) is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Motion for Attorney's Fees (Dkt. No. 28) is **GRANTED, in part, and DENIED, in part**.

3. The Motion is **GRANTED** to the extent that Plaintiff is awarded $11,605.00 in attorney and paralegal fees and $38,839.39 in costs[2] and litigation expenses.

---

[1] On Page 8 of the Report, the Magistrate Judge notes that one of the affidavits filed in support of the Motion is incomplete, and looks to the law firm's website to obtain the missing information regarding the experience of one of Plaintiff's lawyers. See Report at 8. On August 25, 2017, the undersigned directed Plaintiff to file a complete copy of the affidavit, see Endorsed Order (Dkt. No. 33), and Plaintiff promptly did so, see Notice of Filing Complete Declaration (Dkt. No. 34). A review of the complete document confirms that the statements in it are made based on personal knowledge and that the relevant information regarding the lawyer's admission to practice, years of experience, and employment is accurate.

[2] The service of process fee of $80.80 appears to be in excess of the amount recoverable as a taxable cost under 28 U.S.C. § 1920(1). See EEOC v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (noting that private service of process fees that do not exceed the fee charged by the United States Marshals Service for service of process are appropriately included as taxable costs). Nevertheless, because the mortgage on which the suit is based separately provided for recovery of attorney's fees and costs, the Court awards the full amount of the service fee under that authority. See Verified Complaint in Admiralty to Foreclose Preferred Ship Mortgage (Dkt. No. 1) Ex. B. (Dkt. No. 1-2) at ¶ 26(m).

4. The Court reserves ruling on the award of any additional fees and/or costs incurred through the Confirmation of the Sale of M/Y Cloud Ten.

5. Otherwise, the Motion is **DENIED**.

6. The Clerk of Court is directed to enter an **AMENDED JUDGMENT** in favor of Plaintiff Millennial Capital Management, LLC, and against Defendants M/Y Cloud Ten, a 2002 123' Nichols Brothers SWATH Vessel, Official No. 1130416, her engines, apparel, tackle, boats, appurtenances, etc., *in rem*, and Atlantic Cloud Cruise Lines, LLC, *in personam*, for $11,605.00 in attorney and paralegal fees, and $38,839.39 in costs and litigation expenses. The amended judgment shall state that the Court reserves ruling on the award of any additional fees and/or costs incurred through the confirmation of the sale of M/Y Cloud Ten.

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of September, 2017.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record

Atlantic Cloud Cruise Lines, LLC
228 Stellar
Ponte Vedra Beach, FL 32082